UNITED STATES, Plaintiff—Appellee,

v.

Steve LINDQUIST, Defendant—
Appellant.

No. 02–30064.
D.C. No. CR–01–00030–DWM.

United States Court of Appeals,
Ninth Circuit.

Submitted March 10, 2003.*

Decided March 19, 2003.

---

* This panel unanimously finds this case suit-
able for decision without oral argument. *See*
Fed. R.App. P. 34(a)(2). Accordingly, Fergu-
son's request for oral argument and appoint-
ment of counsel is denied.

** This disposition is not appropriate for publi-
cation and may not be cited to or by the

courts of this circuit except as may be provid-
ed by Ninth Circuit Rule 36–3.

* The panel unanimously finds this case suitable
for decision without oral argument. *See* Fed.
R.App. P. 34(a)(2).

Before CANBY, O'SCANNLAIN and T.G. NELSON, Circuit Judges.

### MEMORANDUM **

Steve Lindquist appeals the 37–month sentence imposed by the district court following his guilty plea to knowing possession of methamphetamine with intent to distribute in violation of 21 U.S.C. § 841(a)(2). We have jurisdiction under 28 U.S.C. § 1291. Lindquist's counsel has filed a motion to withdraw as counsel and a brief pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), identifying one potential issue for review. Lindquist has not filed a pro se supplemental brief.

Counsel has identified one potential issue: whether the district court should have given Lindquist an opportunity to present witnesses to prove the extent of his cooperation with the government, after the government declined to move under U.S.S.G. § 5K1.1 for a substantial assistance departure.

The government declined to make a substantial assistance motion because Lindquist had not cooperated to its satisfaction. Because the plea agreement left it to the government to decide, in its discretion, whether Lindquist's cooperation constituted substantial assistance, Lindquist's evidence of his cooperation was not relevant to the district court's sentencing decision. *See United States v. Johnson,* 187 F.3d 1129, 1134 (9th Cir.1999) (explaining that federal courts enforce the literal terms of plea agreements). Moreover, absent an allegation of unconstitutional motive by the government, the district court had no authority to grant the section 5K1.1 motion. *See United States v. Burrows,* 36 F.3d 875, 884 (9th Cir.1994) ("Section 5K1.1 deliberately removes from judges the determination of whether or not a given quantum of assistance is substantial, and leaves the decision to prosecutors."). The proposed issue is not, therefore, a basis for appeal.

Our examination of counsel's brief and our independent review of the record under *Penson v. Ohio,* 488 U.S. 75, 83, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), disclose no further issues for review. Accordingly,

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

counsel's motion to withdraw is GRANT-ED.

**AFFIRMED.**